Daniel E. Young
**Kirton McConkie**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Email: dyoung@kmclaw.com
Telephone: 801-328-3600
*Attorney for Durham Enterprises Corporation*

IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

| | |
|---|---|
| DURHAM ENTERPRISES CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA; <br><br> Defendants. | **Rule 60(b) Motion to Vacate Dismissal and Reinstate Action** <br><br><br><br><br><br> Case No.: 26-01126 <br><br> The Honorable Richard K. Eaton |

Plaintiff, Durham Enterprises Corporation ("Durham") files this Rule 60(b) Motion to Vacate Dismissal and Reinstate Action in accordance with Rules 7 and 60(b) of the U.S. Court of International Trade.

## RELIEF REQUESTED AND GROUNDS

Durham requests that the Court (1) vacate the July 23, 2026 Order of Dismissal;[1] (2) grant Durham relief from the July 22, 2026 Notice of Voluntary Dismissal;[2] and (3) direct the Clerk to reopen this action. The Court may grant this relief under USCIT Rule 60(b)(1), which provides that "[o]n motion and just

---

[1] ECF No. 11.
[2] ECF No. 10.

1

4931-6485-7743.v1

terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … mistake, inadvertence, surprise, or excusable neglect[.]"[3]

Durham's counsel mistakenly filed the Voluntary Dismissal on behalf of Durham instead of a different client, Prina Enterprises, Case No. 26-00171. Durham paid nearly $26,000 in IEEPA duties for Entry No. 8A300401965 that was not eligible for CAPE Phase 1 and instructed counsel to pursue a refund. However, counsel mistakenly filed a voluntary dismissal using the caption for Durham's case, instead of using the caption for the case of the client that did request a dismissal (Prina Enterprises). Because the voluntary dismissal was mistakenly filed contrary to Durham's instructions, Durham requests that it be relieved from the Order of Dismissal by having the Clerk reopen this action.

### ARGUMENT

The Court can provide relief from a voluntary dismissal under Rule 60(b). The U.S. Supreme Court confirmed that a voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A) is a "final proceeding" and that the remedies under Rule 60(b) are available.[4] As Rules 41(a)(1)(A) and 60 of the U.S. Court of International Trade are substantially similar to the same rules in the Federal Rules of Civil Procedure, the Supreme Court's interpretation is directly controlling on this Court.[5] As such, a Rule 60(b) motion is an appropriate mechanism for Durham to seek relief from the Order of Dismissal.

---

[3] USCIT R. 60(b)(1).

[4] *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 311–12, 145 S. Ct. 690, 696, 221 L.Ed. 2d 143 (2025).

[5] *See Fontaine Inc. v. United States*, 824 F. Supp. 3d 1374, 1378 n.5 (Ct. Int'l Trade 2026); *Nat. Res. Def. Council, Inc. v. Lutnick*, 774 F. Supp. 3d 1348, 1356 n.6 (Ct. Int'l Trade 2025); *Tomoegawa (U.S.A.), Inc. v. United States*, 763 F. Supp. 614, 617 (Ct. Int'l Trade 1991); and *California Steel Indus., Inc. v. United States*,

Under Rule 60(b)(1), Durham can be relieved from the Order of Dismissal for mistake, inadvertence, or excusable neglect.[6] Counsel's mistake in preparing the voluntary dismissal for the wrong client qualifies as a mistake, inadvertence, or excusable neglect so Durham's Motion should be granted.

### 1. Durham's Voluntary Dismissal was filed by mistake or inadvertence

Rule 60(b)(1) allows the Court to provide relief from a final proceeding for mistake or inadvertence.[7] The U.S. Supreme Court has stated that "mistake" under Rule 60(b)(1) is a "broad term"[8] that encompasses "an error in action …." Other courts have held that a "mistake" occurs when "a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party."[9] "Inadvertence" has been defined as "an accidental oversight; a result of carelessness."[10] Courts have granted relief under Rule 60(b)(1) when a voluntary dismissal is filed due to "the inadvertent mistake of counsel."[11] Similarly, Durham's Voluntary Dismissal was filed by the inadvertent mistake of counsel, so it should be granted relief from the dismissal.

Counsel for Durham is representing several parties seeking IEEPA refunds before this Court. When the Court issued notice on July 17, 2026 that orders would be entered relating to finally liquidated entries, counsel contacted his clients to confirm which clients had entries that were not refunded through CAPE

---

48 F.4th 1336, 1340 fn. 2, (Fed. Cir. 2022) (treating as "directly controlling" interpretation of Federal Rule of Civil Procedure to identical USCIT rule).
[6] USCIT R. 60(b)(1).
[7] *See* USCIT R. 60(b)(1).
[8] *Kemp v. United States*, 596 U.S. 528, 539, 142 S. Ct. 1856, 1865, 213 L. Ed. 2d 90 (2022).
[9] *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).
[10] INADVERTENCE, Black's Law Dictionary (12th ed. 2024) cited in *Tyler v. Anderson*, No. 1:96 CV 1881, 2013 WL 3992590, at *5 (N.D. Ohio Aug. 5, 2013), *aff'd* 749 F.3d 499 (6th Cir. 2014).
[11] *AttestWave LLC v. Int'l Bus. Machines Corp.*, No. SA: 6:22-CV-01107-OLG, 2023 WL 11974751, at *2 (W.D. Tex. Dec. 12, 2023).

Phase 1. Some clients, including Prina Enterprises, Case No. 26-00171, indicated they did not want to pursue additional refunds, while Durham indicated it had just under $26,000 in IEEPA duties that were not eligible for refund under CAPE Phase 1 that it did want to pursue. Counsel began preparing dismissals when orders were entered in his clients' cases on July 21, 2026. However, when counsel was preparing the voluntary dismissals, he made a mistake in the clients and case numbers where dismissals were requested. Instead of preparing a dismissal for Prina Enterprises, counsel mistakenly drafted and filed a voluntary dismissal for Durham's case. The Voluntary Dismissal was not authorized by Durham and was not a deliberate litigation decision or strategy. Instead, the Voluntary Dismissal was mistakenly prepared using Durham's caption and docket number and inadvertently filed on behalf of Durham.

Counsel filed the Voluntary Dismissal on July 22, 2026.[12] Counsel realized his mistake when reviewing the Court's July 23, 2026 Order of Dismissal.[13] He promptly filed a voluntary dismissal in Prina Enterprises' case on July 23, 2026[14] and began preparing this Motion. Counsel's office was closed on Friday, July 24, 2026, in observance of Utah's Pioneer Day holiday, which is a state holiday.[15] Counsel filed this Motion on the next business day, July 27, 2026. Counsel has acted promptly to correct his mistake so there is no prejudice to the Defendants. Durham continues to seek approximately $26,000 in IEEPA-duty refunds associated with Entry No. 8A300401965, which was not processed through CAPE Phase 1 and which Durham contends is subject to the Court's July 21, 2026 Order. As such, this Motion should be granted and Durham's case reinstated.

---

[12] ECF No. 10.
[13] ECF No. 11.
[14] Case No. 26-00171, ECF No. 10.
[15] *See* Utah Code Ann. § 63G-1-301(1)(a)(iii).

### 2. The Voluntary Dismissal was the result of excusable neglect

Rule 60(b)(1) also provides relief from a final proceeding based on "excusable neglect."[16] "The ordinary meaning of 'neglect' is 'to give little attention or respect' to a matter, or closer to the point for our purposes, 'to leave undone or unattended to *especially through carelessness*.' Thus, in accounting for 'excusable neglect,' this Court's rules contemplate that a careless or inattentive party may nevertheless obtain relief."[17]

"When considering excusable neglect, the court looks to several factors: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith."[18] The equities of these factors favor granting the Motion.

There is no danger of prejudice to the Defendants. The IEEPA tariffs were declared unlawful.[19] This Court has ordered Defendants to refund the unlawfully collected duties.[20] Defendants are not prejudiced by Durham being able to pursue its claim for additional refunds on the merits when the party (Prina Enterprises) that wished not to pursue additional refunds dismissed its case. The dismissal was without prejudice.[21] Further, Durham's counsel has acted expeditiously to correct the mistake, so there is no prejudice based on the length of the delay and there will be no impact on the judicial proceedings.

---

[16] USCIT R. 60(b)(1).

[17] *Ban Me Thuot Honeybee JSC v. United States*, 805 F. Supp. 3d 1350, 1356–57 (Ct. Int'l Trade 2025) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 388, 113 S. Ct. 1489, 123 L.Ed. 2d 74 (1993) (internal citations and alterations omitted).

[18] *Id.*

[19] *Learning Res., Inc. v. Trump*, 607 U.S. 229, 146 S. Ct. 628, 224 L. Ed. 2d 51 (2026).

[20] *See* ECF No. 9.

[21] *See* USCIT R. 41(a)(1)(B).

Admittedly, Durham's counsel should not have filed the Voluntary Dismissal. The reason-for-delay factor does not favor Durham because counsel's client-and-case identification error was within counsel's control. However, Durham and its counsel have acted in good faith since the error was discovered to correct it expeditiously.

This case is analogous to *Ban Me Thuot Honeybee JSC v. United States*.[22] There, the Court granted Rule 60(b)(1) relief even though the reason-for-delay factor did not favor the plaintiffs. The Court emphasized the minimal delay, absence of litigation prejudice, and evidence of good faith.[23] The same considerations favor relief here: counsel discovered the mistaken filing the following day, promptly filed the intended dismissal in the other action, and filed this Motion on the next regular business day for counsel's office.

## CONCLUSION

The Notice of Voluntary Dismissal resulted from counsel's mistake and inadvertence and did not reflect Durham's instructions or a deliberate litigation decision. Counsel discovered the error the following day and promptly sought relief. Reinstatement will cause no cognizable prejudice to Defendants and will restore the parties to the procedural position they occupied before the mistaken filing. Accordingly, Durham respectfully requests that the Court vacate the July 23, 2026 Order of Dismissal, grant Durham relief from the July 22, 2026 Notice of Voluntary Dismissal, and direct the Clerk to reopen this action.

---

[22] 805 F. Supp. 3d 1350 (Ct. Int'l Trade 2025)
[23] *Id.* at 1356-57.

Respectfully submitted July 27, 2026.

/s/ Daniel E. Young
DANIEL E. YOUNG
**KIRTON McCONKIE**
*Attorney for Durham Enterprises Corporation*